■ In the Matter of the Claim of PAUL F. MOSCARELLO, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 8, 1977, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner denying claimant benefits on the ground he voluntarily left his employment without good cause. Claimant was employed as a picture framer in a retail store. A customer became abusive to him and claimant responded in kind. His employer advised him that as a result of this conduct he would be fired at the end of the day. Claimant left that afternoon, and the appeal board has sustained a finding that he was guilty of misconduct and left his employment in anticipation of being fired. Nevertheless, it upheld the initial determination that he voluntarily resigned and was not entitled to benefits. From this record it is clear that claimant was actually fired and that leaving a few hours early on the date of such termination does not come within the rule of voluntarily leaving in anticipation of discharge as set forth in *Matter of Mastro (Levine)* (52 AD2d 708). Although claimant's testimony at the hearing lends some support for a conclusion that misconduct may have been the basis for his separation, his initial disqualification was not founded on that ground and no employer representative appeared at the hearing. Accordingly, claimant had neither reason nor opportunity to respond to such an allegation and the issue merits further consideration. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RILEY ROBINSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 18, 1977, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of seven years to life. The sole issue on this appeal concerns the right of the defendant to listen to and examine the entire tape recording and whether it was error to receive in evidence that part of the recording which recorded an alleged conversation between the defendant and a witness. It is not necessary to decide the issue as to whether the defendant is entitled to listen to all of the tape. This court, after a playing of the tape, concludes that the rights of the defendant were in no way violated nor was he prejudiced by the ruling of the court. From an examination of the record and the briefs, it appears evident that the defendant had a fair trial. Judgment affirmed. Mahoney, P. J., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.